**TAYLOR W. FOX**
**TAYLOR W. FOX, P.C.**
AZ State Bar No. 019780
1641 E. Osborn Road, Suite 8
Phoenix, AZ 85016
Tel.: (602) 443-2220
taylor@taylorfoxlaw.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-01818-2-PHX-SHD |
| Plaintiff, | **DEFENDANT'S SUPPLEMENT TO OBJECTIONS TO DRAFT PRESENTENCE INVESTIGATION REPORT** |
| v. | |
| Cheyenne Mary-Lynne Ingram, | |
| Defendant | |

Defendant Cheynne Ingram, by and through undersigned counsel, submits this Supplement to Defendant's Objections to Presentence Report (Doc. #95), providing an additional and alternative legal basis for Objection I, "PSR at Paragraph 29: 'Semiautomatic Firearm Capable of Accepting a Large Capacity Magazine' (USSG §2K2.1(a)(4)(B))" (Doc. #95 at 2). Specifically, Ms. Ingram objects that the district court should not defer to the Sentencing Commission's Commentary in Application Note 2 to §2K2.1, which defines "large capacity magazine" as any magazine capable of accepting more than 15 rounds of ammunition. That definition is found only in the Commentary—

-1-

not in the text of the Guideline itself—and its validity is now squarely before the United States Supreme Court.

On April 20, 2026, the Supreme Court granted certiorari in *Beaird v. United States*, No. 25-5343 (cert. granted Apr. 20, 2026), granting review of the Fifth Circuit's decision in *United States v. Beaird*, 2025 WL 1410410 (5th Cir. May 15, 2025) (unpublished) (per curiam). The question for which the Supreme Court granted cert is whether courts must still defer to USSC Commentary when applying the Sentencing Guidelines under *Stinson v. United States*, 508 U.S. 36 (1993). Petitioner raised this question in light of *Kisor v. Wilkie*, 588 U.S. 558 (2019), which narrowed the broad deferential standard for courts to give to the Commentary. In *Beaird*, the district court applied an enhanced base offense level under §2K2.1(a)(3) after relying on the Commentary's definition of "large capacity magazine" to conclude that a 17-round magazine—the standard magazine for a Glock 17 pistol—qualified as "large capacity." The petitioner argued, and the Fifth Circuit acknowledged, that the district court "erred in relying on the Guidelines commentary to conclude that a 17-round magazine qualified as a 'large capacity magazine' for the purposes of the enhancement under U.S.S.G. §2K2.1(a)(3)," but held the argument foreclosed by *United States v. Martin*, 119 F.4th 410, 414–15 (5th Cir. 2024). *Beaird*, 2025 WL 1410410, at *1.

A related issue is present here. The PSR calculates Ms. Ingram's Base Offense Level at 20 under §2K2.1(a)(4)(B), which requires that the offense "involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine." The Guideline text does not define "large capacity magazine." The Commentary in Application Note 2 supplies the definition: any magazine that could "accept more than 15 rounds of ammunition." As the *Beaird* petition demonstrates, this definition is not compelled by the Guideline text and may improperly expand its scope. Using traditional

tools of construction, "large capacity magazine" refers to a magazine that is large in relation to the industry standard—not one that merely exceeds an arbitrary 15-round threshold set by the Commentary. The standard magazine for the Glock 17, one of the most common law enforcement and civilian pistols in the United States, holds 17 rounds. Treating that standard-capacity magazine as "large capacity" stretches the Guideline's text beyond its ordinary meaning. Moreover, the Guideline's structure places the large capacity magazine enhancement alongside firearms described in 26 U.S.C. § 5845(a)—weapons such as short-barreled rifles, machineguns, and destructive devices— suggesting the enhancement was intended to capture exceptionally dangerous weapons, not industry-standard consumer firearms.

Ms. Ingram acknowledges the Ninth Circuit, applying the *Kisor* standard to the Guidelines Commentary to "large capacity magazine", found that commentary to have satisfied all of Kisor's prerequisites for deference, and therefore upheld the district court's adoption of it. *See* United States v. Trumbull, 114 F.4th 1114, 1121 (9th Cir. 2024), cert. denied, 145 S. Ct. 1952, 221 L. Ed. 2d 678 (2025). Nonetheless Ms. Ingram respectfully requests that this Court take judicial notice of the Supreme Court's grant of certiorari in *Beaird* and consider the issue preserved for purposes of this sentencing proceeding and any subsequent appeal. Should the Supreme Court hold that *Kisor* narrows the deference owed to Guidelines Commentary, and should subsequent circuit or Supreme Court decisions find that the Commentary's definition of "large capacity magazine" in Application Note 2 improperly expands the scope of §2K2.1(a)(4)(B), the PSR's calculation of a Base Offense Level of 20 would be unsupported. Without the Commentary's expansive definition, the standard 17-round magazines associated with several of the Glock pistols in this case would not qualify as "large capacity," and Ms.

Ingram's Base Offense Level would be determined under a lower subsection of §2K2.1(a).

Respectfully submitted this 22nd day of April, 2026.

s/Taylor W. Fox
Taylor W. Fox